The People of the State of New York, Respondent,
against
Darryl E. Fisher, Appellant. 




Feldman & Feldman (Steven A. Feldman of counsel), for appellant.
Suffolk County District Attorney, (Elizabeth Miller of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Marian R. Tinari, J.), rendered December 5, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to criminal contempt in the second degree (Penal Law § 215.50 [3]), for going to the residence of the complainant in whose favor a stay-away order of protection had been issued against defendant. Contrary to his contention, defendant's claim that he did not want to violate the order of protection—i.e., that he went to the complainant's home only because he had nowhere else to go—does not negate the required element that he intentionally violated that order. Further, his explanation did not give rise to a justification defense, as it did not constitute an objectively acceptable reason to relieve him of liability for his criminal act. In other words, defendant did not put forth a legally cognizable justification for disobeying the order of protection. Defendant's statement did not demonstrate that his defiance of the order was "authorized by law or by a judicial decree" (Penal Law § 35.05 [1]), or that it was "necessary as an emergency measure to avoid an imminent . . . injury [that] clearly outweigh[ed] the desirability of avoiding the injury sought to be prevented by the statute" he violated (Penal Law § 35.05 [2]). Thus, defendant's claim that his plea was not entered voluntarily, knowingly and intelligently is without merit.
The District Court was not authorized to defer payment of the mandatory surcharge for one year (see People v Jones, 26 NY3d 730 [2016]). However, "the court's error in this regard, which was in the defendant's favor, does not entitle him to the relief he seeks" (People v Himonitis, 174 AD3d 738, 739 [2019]). Consequently, defendant's claim on appeal that the mandatory surcharge should be waived is, likewise, without merit.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020